IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY, as subrogee of Sensenig & Weaver Well Drilling and/or Mary Sensenig as Executrix of the Estate of Floyd Sensenig, | : : : : : : | 1:10-cv-422 |
| Plaintiff, | : : | |
| v. | : : | Hon. John E. Jones III |
| GUNNEBO JOHNSON CORPORATION and BLUE TEE CORPORATION, | : : : : | Hon. William T. Prince |
| Defendants. | : | |

# MEMORANDUM

## January 26, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge William T. Prince (Doc. 47), filed on December 20, 2010, which recommends that Defendants' Motions to Dismiss (Docs. 21 and 24) be granted and that this case be dismissed. Plaintiff filed objections to the R&R on January 6, 2011. Both Defendants have filed briefs in opposition to the Plaintiff's objections (Docs. 50 and 51). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the R&R.

1

## I. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

### B. Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## II. BACKGROUND

Plaintiff Selective Way Insurance Company ("Plaintiff" or "Selective Way") filed this action seeking to recover the value of workers' compensation payments that it made following a fatal injury to one Floyd Sensenig ("Mr. Sensenig"), who was an employee of Plaintiff's insured. On December 28, 2007, Mr. Sensenig, while performing his duties as an employee of Sensenig & Weaver, was supervising the transfer of a drilling pipe from a drilled hole to a guide tray. This transfer was taking place on a portable drilling rig manufactured by Defendant Blue Tee ("Blue Tee"). As Mr. Sensenig was helping negotiate the pipe's movement from the hole into the guide tray, the eye attached to the top of the drill pipe came off its hook. The hook was manufactured by Defendant Gunnebo ("Gunnebo"). The drill pipe struck Mr. Sensenig on the top of the head, causing his death shortly thereafter.

After Mr. Sensenig's death, Plaintiff provided a total of $601,503.25 to his survivors in workers' compensation benefits. In this action, first filed on January 27, 2010, Selective filed a civil action, seeking to recover the monies it had paid to Mr. Sensenig's estate from Blue Tee and Gunnebo, claiming that both the hook and the rig were defective and unsafe for their intended uses.

Blue Tee and Gunnebo filed motions to dismiss the original complaint, arguing that (1) the complaint was not properly verified and (2) "Selective Way as subrogee of Sensenig & Weaver" was not the proper plaintiff and had no standing to bring the claims that it had. In response, Selective Way filed an amended complaint (Doc. 16) on March 25, 2010 and a substitute verification on May 5, 2010. (Doc. 27). The amended complaint redesignated the Plaintiff as "Selective Way as subrogee of Sensenig & Weaver and/or Mary Sensenig as Executrix of the Estate of Floyd Sensenig." Shortly thereafter, Blue Tee and Gunnebo again made motions to dismiss the amended complaint (Docs. 21 and 24), which the undersigned referred to Magistrate Judge Prince for a R&R.

As noted above, on December 20, 2011, Magistrate Judge Prince issued a R&R recommending that the Defendants' motions to dismiss be granted. Objections were filed by the Plaintiff and responded to by the Defendants. Thus, this matter is fully ripe before the Court.

## III. DISCUSSION

Magistrate Judge Prince recommends that the Defendants' motions to dismiss be granted because the claims brought by Selective Way as subrogee of Mary Sensenig are time-barred. As the Magistrate Judge aptly notes, because the injury that is the subject of this suit happened on December 28, 2008, and the amended complaint adding the "subrogee of Mary Sensenig" claims was not filed until March 25, 2010, more than two years after the injury, and thus past the two-year statute of limitations.[1] Magistrate Judge Prince concludes that neither the relation-back doctrine (F.R.C.P. 15(c)) nor the real party in interest doctrine (F.R.C.P. 17(a)(3)) save Plaintiff's claims from the statute of limitations. Based on the following analysis, we agree.

### A. Relation-back

Fed. R. Civ. P. 15(c) governs the relation-back doctrine. Under this principle, a late-filed claim may, for the purposes of the statute of limitations, be treated "as if it had been filed at the time of the original complaint." *Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001). Relation-back under F.R.C.P.

---

[1] We note that we agree with Magistrate Judge Prince's conclusion that Plaintiff cannot bring the instant suit as "subrogee of Sensenig & Weaver" because section 319 of the Workers' Compensation Act requires an insurer to bring an action on behalf of the injured or deceased employee. *Reliance Ins. Co. v. Richmond Machine Co.*, 455 A. 2d 686, 690 (Pa. Super. 1983).

15(c)(1)(A)-(C) applies in three types of situations involving amendments to complaints:

>   (A) when the law that provides the applicable statute of limitations allows relation back;
>
>   (B) when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
>   (C) when the amendment changes the party or the naming of the party against whom a claim is asserted.

Plaintiff suggests that F.R.C.P. 15(c)(1)(C) is applicable here inasmuch as the Plaintiff re-named itself in the amended complaint as the subrogee of Mary Sesenig. However, the Third Circuit has explicitly held that this subsection is inapplicable to amendments for the purpose of adding plaintiffs. *See Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 561 (3d Cir. 2008)(quoting Advisory Comm. Notes on the 1966 Amdts. to Fed. R. Civ. P. 15). Thus, because the amendment of "Selective Way as subrogee of Mary Sensenig," occurred after the two year statute of limitations had run, Plaintiff's claim is clearly time-barred.

### B. Real Party in Interest

Having concluded that the relation-back doctrine cannot save Plaintiff's claims from the statute of limitations, for the sake of completeness, we shall address Plaintiff's unavailing argument that the real party in interest principle saves his claim from dismissal. Fed. R. Civ. P. 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Determining whether the plaintiff is the real party in interest requires the court to "look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." *Boarhead Farm Agreement v. Advanced Envtl. Tech. Corp.*, 381 F. Supp. 2d 427, 432 (E.D. Pa. 2005)(quoting 6A Charles A. Wright et al., Federal Practice and Procedure § 1544 (2d ed. 1990)). Based upon this rule, courts permit substitution of a party when necessary to avoid an injustice. However, as Magistrate Judge Prince correctly reasoned, the real party in interest here is the one who originally held the claim – Floyd Sensenig's widow, as the executrix of his estate. The real party in interest is decidely not the insurance company that simply paid benefits, and thus this principle cannot salvage the instant matter. Thus, we agree entirely with Magistrate Judge Prince's conclusion that the real party in interest principle does not operate to save the Plaintiff's claim here.

## IV. CONCLUSION

Accordingly, based on the foregoing, we shall adopt the R&R in its entirety, grant the Defendants' motions to dismiss, and close this case. An appropriate Order shall issue.